UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| STACY KILPATRICK-THOMPSON,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | No. 1:17-CV-03036-JTR<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF Nos. 12, 13. Attorney D. James Tree represents Stacy Kilpatrick-Thompson (Plaintiff); Special Assistant United States Attorney Joseph J. Langkamer represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 5. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS, in part,** Plaintiff's Motion for Summary Judgment; **DENIES** Defendant's Motion for Summary Judgment; and **REMANDS** the matter to the Commissioner for additional proceedings pursuant to 42 U.S.C. § 405(g).

ORDER GRANTING PLAINTIFF'S MOTION . . . - 1

## JURISDICTION

Plaintiff filed applications for Supplemental Security Income (SSI) and Disability Insurance Benefits (DIB) on January 18, 2013, Tr. 268, alleging disability since October 31, 2012, Tr. 223, 225, due to idiopathic hypersomnia, arthritis, bipolar disorder, chronic migraines, Crohn's disease, gastroparesis, restless leg syndrome, and inactive tuberculosis, Tr. 272. The applications were denied initially and upon reconsideration. Tr. 128-34, 136-46. Administrative Law Judge (ALJ) Laura Valente held a hearing on April 16, 2015 and heard testimony from Plaintiff and vocational expert, Scott Whitmer. Tr. 37-91. The ALJ issued an unfavorable decision on June 18, 2015. Tr. 20-32. The Appeals Council denied review on December 23, 2016. Tr. 1-5. The ALJ's June 16, 2015 decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on February 24, 2017. ECF No. 1.

## STATEMENT OF FACTS

The facts of the case are set forth in the administrative hearing transcript, the ALJ's decision, and the briefs of the parties. They are only briefly summarized here.

Plaintiff was 33 years old at the alleged date of onset. Tr. 223. She completed two years of college and became a certified medical assistant in 2008. Tr. 273. Her work history includes the jobs of telephone operator, stocker/receiver, sales associate, route driver, and certified medical assistant. Tr. 274. At the time Plaintiff applied for benefits, she was still working, but she reported that as of October 31, 2012, she had made changes in her work activity due to her conditions and had not grossed over $1,010.00 a month in earnings. Tr. 273. Plaintiff was on "call in" status at her job as a medical assistant prior to being laid off in February of 2013. Tr. 42, 318.

//

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The Court reviews the ALJ's determinations of law de novo, deferring to a reasonable interpretation of the statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097. If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *see Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-1099. This burden is met once the claimant establishes that physical or mental impairments prevent her from engaging in her previous occupations. 20 C.F.R. §§

404.1520(a)(4), 416.920(a)(4). If the claimant cannot do her past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that (1) the claimant can make an adjustment to other work, and (2) specific jobs exist in the national economy which the claimant can perform. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193-94 (9th Cir. 2004). If the claimant cannot make an adjustment to other work in the national economy, a finding of "disabled" is made. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## ADMINISTRATIVE DECISION

On June 18, 2015, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since October 31, 2012, the alleged date of onset. Tr. 22

At step two, the ALJ determined Plaintiff had the severe impairment of Crohn's disease. Tr. 22.

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 26.

At step four, the ALJ assessed Plaintiff's residual function capacity and determined she could perform a full range of work at all exertional levels with the following limitations:

> The claimant is limited to sitting, standing, and walking for 6-hours in an 8-hour workday. She must also avoid concentrated exposure to hazards, such as heights and dangerous moving machinery. In addition to usual and customary breaks, the claimant will require two additional breaks lasting 10-minutes each.

Tr. 27. The ALJ identified Plaintiff's past relevant work as certified medical assistant, retail sales clerk, customer service clerk, door-to-door sales representative, shipping and receiving clerk, microfilm processor, courier, and

sales attendant. Tr. 30. She concluded that Plaintiff was not able to perform this past relevant work. *Id*.

At step five, the ALJ determined that, considering Plaintiff's age, education, work experience and residual functional capacity, and based on the testimony of the vocational expert, there were other jobs that exist in significant numbers in the national economy Plaintiff could perform, including the jobs of home care attendant and social service aide. Tr. 31. The ALJ concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from October 31, 2012, through the date of the ALJ's decision. Tr. 31-32.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards. Plaintiff contends the ALJ erred by (1) failing to properly credit Plaintiff's symptom statements, (2) failing to properly weigh the medical source opinions, and (3) failing to make a proper step two determination.

## DISCUSSION

**1. Plaintiff's Symptom Statements**

Plaintiff contests the ALJ's determination that her symptoms statements were less than fully credible. ECF No. 12 at 10-16.

It is generally the province of the ALJ to make credibility determinations, *Andrews*, 53 F.3d at 1039, but the ALJ's findings must be supported by specific cogent reasons, *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834.

The ALJ found Plaintiff less than fully credible concerning the intensity, persistence, and limiting effects of her symptoms. Tr. 29. The ALJ reasoned that Plaintiff was less than credible because her reported symptoms were (1) inconsistent with her reported activities and (2) not supported by the medical evidence. Tr. 28-29.

### A. Reported Activities

The ALJ's first reason for finding Plaintiff less than fully credible, that Plaintiff's reported activities were inconsistent with her reports of disability, does not meet the specific, clear and convincing standard.

A claimant's daily activities may support an adverse credibility finding if (1) the claimant's activities contradict her other testimony, or (2) "the claimant is able to spend a substantial part of [her] day engaged in pursuits involving performance of physical functions that are transferable to a work setting." *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). (citing *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)). "The ALJ must make 'specific findings relating to [the daily] activities' and their transferability to conclude that a claimant's daily activities warrant an adverse credibility determination." *Id.* (quoting *Burch v. Barnhart,* 400 F.3d 676, 681 (9th Cir. 2005)). A claimant need not be "utterly incapacitated" to be eligible for benefits. *Fair*, 885 F.2d at 603.

The ALJ found that Plaintiff's activities of driving, cleaning, preparing meals, reading, running errands, walking dogs, attending her child's school conferences and appointments, and attending her own appointments were inconsistent with Plaintiff's testimony "that the residual symptoms of her headache and abdominal issues prevent her from performing full-time work." Tr. 29. Here, the ALJ failed to provide any explanation of how attending to these activities was either inconsistent with Plaintiff's other testimony or how these activities demonstrated that she was able to spend of substantial part of her day engaged in physical functions that were transferable to a work setting. Therefore, this reason

fails to meet the specific, clear and convincing standard.

Additionally, the ALJ specifically pointed to Plaintiff's planned pregnancy as "undermin[ing] her allegations regarding her functional capabilities." Tr. 29. However, again, the ALJ failed to address how a planned pregnancy was inconsistent with Plaintiff's other testimony. Therefore, this is not sufficient to support the ALJ's determination.

B.  **Medical Evidence**

The ALJ's second reason for finding Plaintiff less than fully credible, that Plaintiff's symptoms were not supported by objective medical evidence, is not a specific, clear, and convincing reason to undermine Plaintiff's credibility. Although objective medical evidence is a "relevant factor in determining the severity of the claimant's pain and its disabling effects," it cannot serve as the sole ground for rejecting a claimant's credibility. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). Here, the ALJ failed to provide another reason that meets the specific, clear and convincing standard. Therefore, the ALJ's determination that the medical evidence failed to support Plaintiff's allegations was not sufficient to support her overall determination that Plaintiff's symptoms statements were less than fully credible.

The case is therefore remanded for the ALJ to properly address Plaintiff's symptoms statements.

2.  **Medical Opinions**

Plaintiff challenges the ALJ's treatment of the opinions of treating sources, Daniel Kwon, M.D. and Shannon L. Neer, PA-C, and nonexamining reviewer, Brent Packer, M.D. ECF No. 12 at 16-20.

In weighing medical source opinions, the ALJ should distinguish between three different types of physicians: (1) treating physicians, who actually treat the claimant; (2) examining physicians, who examine but do not treat the claimant; and, (3) nonexamining physicians who neither treat nor examine the claimant.

*Lester*, 81 F.3d at 830. The ALJ should give more weight to the opinion of a treating physician than to the opinion of an examining physician. *Orn*, 495 F.3d at 631. Likewise, the ALJ should give more weight to the opinion of an examining physician than to the opinion of a nonexamining physician. *Id.*

When a treating physician's opinion is not contradicted by another physician, the ALJ may reject the opinion only for "clear and convincing" reasons. *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991). When a treating physician's opinion is contradicted by another physician, the ALJ is only required to provide "specific and legitimate reasons" for rejecting the opinion. *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983). The specific and legitimate standard can be met by the ALJ setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating her interpretation thereof, and making findings. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). The ALJ is required to do more than offer her conclusions, she "must set forth [her] interpretations and explain why they, rather than the doctors', are correct." *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988).

### A. Daniel Kwon, M.D.

On February 28, 2013, Dr. Kwon penned a treatment note that addressed Plaintiff's functional abilities. Tr. 317-18. Dr. Kwon stated that Plaintiff "is on an available status but unable to work on a regular, continual basis secondary to her flare-ups of her pain which have limited her functioning. We feel that temporary disability until these issues are resolved or stabilized would be reasonable and encouraged her to look into that option." Tr. 318. In her decision, the ALJ did not address Dr. Kwon's statements as an opinion, but she did cite to the treatment note when discussing step two, Tr. 23-24, step three, Tr. 26, and Plaintiff's reported activities, Tr. 29.

Social Security Ruling (S.S.R.) 96-8p states that the residual functional capacity assessment "must always consider and address medical source opinions.

If the [residual functional capacity] assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted." An ALJ's failure to address medical source opinions in her determination is not harmless error. *Hill v. Astrue*, 698 F.3d 1153, 1160 (9th Cir. 2012) *citing* 20 C.F.R. § 404.1527(c) ("Regardless of its source, we will evaluate every medical opinion we receive").

Here, the ALJ's failure to address Dr. Kwon's opinion that Plaintiff's impairments resulted in her being "unable to work on a regular, continual basis," is an error. Defendant argues that the ALJ's citation to the report in her decision at step two, step three, and in assessing Plaintiff's symptom statements was sufficient to withstand Plaintiff's challenge because the report showed that Plaintiff was not as limited as she claimed. ECF No. 13 at 9. However, the ALJ was required to address Dr. Kwon's medical opinion. *See Garrison v. Colvin*, 759 F.3d 995, 1012-13 (9th Cir. 2014) (Where an ALJ "rejects a medical opinion or assigns it little weight while doing nothing more than ignoring it, asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis for [her] conclusion," she errs). Furthermore, she was required to explain why Dr. Kwon's opinion was not adopted in the residual functional capacity assessment. S.S.R. 96-8p. Defendant's assertion that Dr. Kwon's report shows Plaintiff was not as limited as she alleged speaks to the reliability of Plaintiff's symptom statements and not the reliability of Dr. Kwon's opinion. Therefore, Defendant's argument is unpersuasive.

In addition to a new analysis of Plaintiff's symptom statements, upon remand the ALJ will address Dr. Kwon's opinion.

**B.     Shannon L. Neer, PA-C**

On March 12, 2013, Physician Assistant Neer sent a letter to the Washington Department of Social and Health Services (DSHS) stating that Plaintiff was "having much difficulty maintaining full time employment due to multiple medical

conditions that cause her to have multiple absences," and continued that "[f]or the same reason she is unable to reliably search for full time employment. She has been placed on a part time status by her current employer as she is a valuable worker in hopes that once her medical conditions have become well controlled she will return to full time status again." Tr. 443.

On September 13, 2013, Physician Assistant Neer completed another letter to DSHS stating that Plaintiff was "having much difficulty maintaining full time employment due to multiple medical conditions that cause her to have multiple absences. For the same reason she is unable to reliably search for full time employment." Tr. 379, 507. Additionally, Physician Assistant Neer approximated that Plaintiff would not be able to return to work for twelve months. *Id*.

The ALJ gave these letters little weight because (1) a disability determination is reserved for the Commissioner, (2) a physician assistant is not an acceptable medical source, (3) the statement is conclusory, and (4) Plaintiff had reduced and eventually stopped taking her medication following these opinions. Tr. 28.

The ALJ is accurate that whether or not a claimant is disabled in an issue reserved for the Commissioner and is, therefore, not a medical opinion and not due any special significance. 20 C.F.R. §§ 404.1527(d); 416.927(d). However, Physician Assistant Neer's opinions addressing the potential for missed work are considered functional opinions and must be addressed by the ALJ. *See Hill*, 698 F.3d at 1160 (a treating physician's statement that the claimant would be "unlikely" to work full time was not a conclusory statement like those described in 20 C.F.R. § 404.1527(d).).

The ALJ was also accurate that a physician assistant is not an acceptable medical source. An ALJ is required, however, to consider evidence from "other
//
//

sources," 20 C.F.R. §§ 404.1513(d), 416.913(d) (2016),[1] "as to how an impairment affects a claimant's ability to work," *Sprague*, 812 F.2d at 1232. Therefore, it is not a valid reason for rejecting the opinion. The Ninth Circuit has held that an ALJ must give "germane" reasons to discount evidence from "other sources." *Dodrill v. Shalala*, 12 F.3d 915 (9th Cir. 1993).

The ALJ's findings that the opinion was conclusory and inconsistent with instructions that Plaintiff taper down her medications meets the germane standard. An ALJ can discredit a treating physicians' opinions that are conclusory, brief, and inadequately supported by clinical findings. *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002). Here, the opinion is brief and conclusory and Physician Assistant Neer provides little evidence to justify her conclusion. However, considering the case is being remanded for the ALJ to properly address a similar opinion by Dr. Kwon, the ALJ will also readdress Physician Assistant Neer's opinion on remand.

On November 16, 2013, Physician Assistant Neer completed a Medical Report form stating that she had treated Plaintiff since Plaintiff was eighteen years old. Tr. 348-49. She opined that Plaintiff would have to lie down during the day due to her conditions. Tr. 348. Additionally, she opined that work on a regular and continuous basis would cause Plaintiff's condition to deteriorate and that if she were to work on a forty-hour a week schedule, she would expect Plaintiff to miss four or more days of work in a month. Tr. 349. Again, the ALJ gave this opinion little weight because it was from a physician assistant and it was unsupported by the longitudinal medical record. Tr. 30. As addressed above, the fact that Shannon Neer is a physician assistant is not sufficient to support rejecting her opinion. However, under the germane standard a determination that the opinion was

---

[1]On March 27, 2017, these regulations were amended and the instructions on how to weigh "other sources" now appear at 20 C.F.R. §§ 404.1527(f), 416.927(f).

inconsistent with the record as a whole, would be sufficient to support the ALJ's determination.

Seeing as the case is being remanded for the ALJ to further address Dr. Kwon's opinion, the ALJ will also address Physician Assistant Neer's Medical Report form upon remand.

### C. Brent Packer, M.D.

On February 18, 2014, Dr. Packer reviewed the records of Dr. Kwon and Thomas Genthe, Ph.D. Tr. 364. He opined that Plaintiff was limited to "less than sedentary highest work activity," and that Plaintiff was "unable to sustain stand/walk even brief periods; she is unable to sustain [fulltime] work. She would have 'severe' limitation on ability to maintain regular workplace attendance." Tr. 364. He opined that this was based on Dr. Kwon's December 30, 2013 note which reflected an accurate date of onset. Tr. 364-65. Additionally he found that the severity of Plaintiff's impairment "approaches [the] level required to equal SSA listing 11.03 due to the headaches." Tr. 364. The ALJ gave this opinion limited weight because it was "without substantial support from the other evidence of record," and "the physician's opinion appears to rely in part on an assessment of an impairment of which he did not treat." Tr. 29-30.

Considering this opinion is directly based on Dr. Kwon's records and this Court is remanding this case for the ALJ to properly address Dr. Kwon's opinion, the ALJ is further instructed to readdress Dr. Packer's opinion on remand.

### 3. Step Two

Plaintiff alleges that the ALJ erred at step two by finding Plaintiff's migraine headaches were not severe. ECF No. 12 at 5-10.

Step-two of the sequential evaluation process requires the ALJ to determine whether or not the claimant "has a medically severe impairment or combination of impairments." *Smolen*, 80 F.3d at 1290 (citation omitted). "An impairment or combination of impairments can be found 'not severe' only if the evidence

establishes a slight abnormality that has 'no more than a minimal effect on an individual[']s ability to work.'" *Id*. The step-two analysis is "a *de minimis* screening device to dispose of groundless claims." *Id*.

Here, the ALJ found that Plaintiff had a medically determinable impairment of migraine headaches, but that her impairment was not severe. Tr. 23. The ALJ based this determination on her findings that Plaintiff's migraines were under control with medication, Plaintiff's migraines did not prevent her from hiking, and Plaintiff did not exhibit the symptoms of nausea or vomiting. *Id*.

Here, despite the ALJ's citation to the record that Plaintiff's migraines were under control with medication, the ALJ's findings were not supported by substantial evidence. First, the ALJ referenced a statement by Plaintiff's provider, Dr. Kwon, that her prescribed medications controlled her pain sufficiently allowing her to function and participate in family life. Tr. 23 *citing* Tr. 317. The full sentence the ALJ references states "She has tried numerous medications and they do help control her pain enough where she can function and participate in her family life, but her work and her career have been put on hold secondary to her pain issues." Tr. 317. Therefore, the ALJ's first citation to the record is a misrepresentation. The ALJ's second citation, that in 2015 Plaintiff admitted that she was not taking any migraine medications due to her pregnancy, Tr. 23, does not support the ALJ's conclusion that her migraines were under control. In February of 2015, Dr. Kwon noted that since stopping her medications due to her recent pregnancy Plaintiff "does have some more frequent [*sic*] her headaches is [*sic*] controlled and she would rather take lower doses to reduce risks to the fetus." Tr. 429. While somewhat unclear, Dr. Kwon's statement appears to indicate that Plaintiff was actually having more headaches since stopping the medications. Additionally, Dr. Kwon advised Plaintiff to use the least amount of her migraine medication as possible. Tr. 430. This record does not show that Plaintiff reduced or stopped her medications because her migraines were nonsevere, but that her

provider instructed her to reduce or stop taking her medications due to her other health concerns, i.e. her pregnancy, and with the reduction of medication her symptoms increased. Therefore, the ALJ's conclusion is not supported by substantial evidence.

Next the ALJ referred to two records showing Plaintiff was able to hike eight miles a day. Tr. 23 *citing* Tr. 369, 518. The ALJ implied that this kind of activity was inconsistent with Plaintiff's complaint of debilitating headaches. *Id*. However, Plaintiff was consistently instructed to remain active and exercise as part of her treatment. Tr. 318, 333, 356. Following the advice of her provider is not inconsistent with a severe medically determinable impairment. Additionally, the ALJ failed to state how hiking some days when Plaintiff felt well is inconsistent with intermittent migraines that precluded her from working on other days, but not all days. This is consistent with Plaintiff's report to her provider that on some days she has to remain home if the pain is not controlled by medication and on other days she will go on an eight mile hike. Tr. 369. Therefore, the ALJ's reason is not legally sufficient.

The ALJ's third reason for finding Plaintiff's migraine headaches were not severe was that Plaintiff denied experiencing the alleged symptoms associated with her migraines, such as nausea or vomiting. Tr. 23 *citing* Tr. 429. However, the citation to the record the ALJ provided, Exhibit 11F pg. 1, does not discuss the symptoms of nausea or vomiting. *See* Tr. 429. Therefore, this reason is not supported by substantial evidence.

Upon remand, the ALJ is instructed to make a new step two determination addressing Plaintiff's migraine headaches.

## REMEDY

The decision whether to remand for further proceedings or reverse and award benefits is within the discretion of the district court. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). An immediate award of benefits is appropriate

where "no useful purpose would be served by further administrative proceedings, or where the record has been thoroughly developed," *Varney v. Secretary of Health & Human Servs.*, 859 F.2d 1396, 1399 (9th Cir. 1988), or when the delay caused by remand would be "unduly burdensome," *Terry v. Sullivan*, 903 F.2d 1273, 1280 (9th Cir. 1990). *See also Garrison*, 759 F.3d at 1021 (noting that a district court may abuse its discretion not to remand for benefits when all of these conditions are met). This policy is based on the "need to expedite disability claims." *Varney*, 859 F.2d at 1401. But where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find a claimant disabled if all the evidence were properly evaluated, remand is appropriate. *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004); *Harman v. Apfel*, 211 F.3d 1172, 1179-80 (9th Cir. 2000).

In this case, it is not clear from the record that the ALJ would be required to find Plaintiff disabled if all the evidence were properly evaluated. Further proceedings are necessary for the ALJ to address all the medical source opinions in the record, to assess the reliability of Plaintiff's symptom statements, and to make a new step two determination. The ALJ will also need to supplement the record with any outstanding evidence and call a medical and vocational expert to testify at any remand proceedings.

## CONCLUSION

Accordingly, **IT IS ORDERED**:

1. Defendant's Motion for Summary Judgment, **ECF No. 13**, is **DENIED**.

2. Plaintiff's Motion for Summary Judgment, **ECF No. 12**, is **GRANTED, in part**, and the matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

3. Application for attorney fees may be filed by separate motion.

The District Court Executive is directed to file this Order and provide a copy

to counsel for Plaintiff and Defendant.  **Judgment shall be entered for Plaintiff** and the file shall be **CLOSED**.

DATED January 30, 2018.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING PLAINTIFF'S MOTION . . . - 16